The next case for argument is 24-2252 Stiles v. Collins. Mr. Luck, are you ready? Good morning, your honors. May it please the court, Adam Luck appearing on behalf of Mark J. Stiles. We all understand that the Board of Veterans' Appeals is an appellate body that's charged with adjudicating appeals under 38 U.S.C. 7104A. That's no new news there. But that's not the only duty placed on the board. The board also has a duty under 20.904B to identify and refer pending unadjudicated claims back to the regional office for initial adjudication. Okay, so can we just kind of cut to the end game, which is that isn't it, is it correct to say that the only relief you're seeking is the board, we would order the board, give them a directive to make sure the RO adjudicates your sleep apnea and your vertigo claims? Is that what this is about? We are requesting referral, yes, ma'am. Okay, but don't you think you've already gotten that? I mean, the board has already told you that all of your claims are sent back to the RO. The government isn't disputing that. So are you just looking for affirmation for us to say, yes, we agree with the board that everything went back, there's no final opinion here, so we agree the CAVC didn't have jurisdiction? Well, I'm just seeking reassurance. No, Your Honor. So not everything went back. The only thing that went back were the claims for the sinusitis rating and the rhinitis rating. Those were the claims that ran appellate status under 7104A. They were not the separate and distinct claims of service connection for sleep apnea and vertigo under 20.904B. Those are pending unadjudicated claims that were not part of the claims placed in appellate status. But just on that point, just for the sinusitis rating, wasn't there a discussion of including the instances of vertigo to support? There was, Your Honor. It wasn't ignored. It was still part of the case and it's part of what's being remanded, correct? Well, no, Your Honor. So the discussion of vertigo in the context of a new separate distinct claim for service connection brings a separate diagnostic code with it, a separate writing, a pending unadjudicated claim for service connection of vertigo itself. Not as a symptom, and it has to be determined whether it's a symptom or a standalone disability that has not been addressed yet. But my understanding was the same as Judge Prost's understanding. Can you point us to something that would support up your understanding of what's going on here? Absolutely, Your Honor. So what happened in this case is Mr. Stiles put the regional office on notice. He had a claim for vertigo. He also put the regional office on notice that his claim for his nasal surgery affected his sleep and that he had diagnosis of sleep apnea. He requested the board refer those pending unadjudicated claims for initial adjudication. At no point has the regional office or the board referred those pending unadjudicated claims that is mandated to do by 20.904B. So when Mr. Stiles requested reconsideration and said, please address my referral, the board misinterpreted its own jurisdiction and said, we cannot do that because the claims in appellate status have not received a final decision. Those claims in appellate status under 7104A are separate and distinct from the claims not in appellate status under 20.904B. Does that answer your question, Your Honor? No, it doesn't. Or at least I don't think it does. Well, so we have these pending unadjudicated claims that the board is refusing to refer and it's mandated by 20.904B to refer those claims. And I understand that was the argument definitely made in your briefing. But I just was trying to get a follow-up on the question that Judge Prost posed to you regarding what was already remanded and what's going to be decided and how vertigo fits into that. Well, what's been remanded is the sinusitis and the rhinitis claims. What has not been addressed by anybody at a briefing or- But nobody seems to agree with you on that. I mean, the Veterans Court says because the remand, the 20.904B, did not grant or deny the claims appeal to the board and it did not otherwise purport to address explicitly or implicitly the question of whether the appellant is an unadjudicated pending claims, the court concludes it's not a final decision over which we may exercise jurisdiction. And that's a misinterpretation of this jurisdictional statute. So that reliance on a grant or a denial of a benefit on a claim in appellate status falls under the board's jurisdiction under 7104A. We're not talking about claims in appellate status that have been granted or denied. We're talking about claims not in appellate status that should have been referred under 20.904B. So can I just get a- I think this is kind of the same question, but why does referral matter? You either do or do not have in the RO an unadjudicated claim. You can ask the RO to adjudicate it. If the RO says no or sits on it long enough, as I think we indicated in Batson recently, there was like a World 20-H letter today or something referring to Batson, based on fairly longstanding veteran court opinion, you can seek mandamus. But what's the value added of a referral? Two things, actually, Your Honor. One is that when the board refers, obviously the regional office has to comply with that referral and the veteran is not required to take any more action because the referral has already been mandated. The second thing is that when the board refers a pending unadjudicated claim, it is identified that pending an unadjudicated claim, which is a favorable finding to the veteran, that the regional office cannot overturn. So that identifies that, yes, in fact- I didn't understand what you just said. That last sentence, it is something that the board cannot- Is a binding favorable finding that there is, in fact, a pending unadjudicated claim that has remained unaddressed. A finding that the record raises this claim so that what the RO couldn't say, I'm trying to understand this, is you don't even have such a claim. Correct, Your Honor. The board would have already said you do. Absolutely, Your Honor. So when the board says you do have a pending unadjudicated claim- Is there any dispute that there is such a claim here? And we have two things, and I don't know if they're distinct. The sleep apnea and the vertigo. Is there a dispute that you made a claim for disability benefits based on each of those two things? Well, there's no dispute about the vertigo claim. The regional office has acknowledged that Mr. Stiles filed that claim back in 2008. He has not received a decision on that claim yet. There is no rating decision of record in the appendix. The secretary has cited no rating decision addressing that claim. But there's no dispute that there is a vertigo claim? The sleep apnea claim as well has not been addressed in a rating decision. No, no, no. Here's what, at least in my mind, I'm trying to separate because it affects whether we're talking about nothing of significance. You identified something that can be of significance, which is if the board says, you have this claim and refers it, then the RO can't say, you don't have that claim at all. Correct. It now has to address the merits of the claim. And I guess what I'm hearing is that may well be true, but it doesn't matter here because everybody agrees there are these two claims. So referral would make no difference in this case. Well, no, Your Honor, it absolutely would because what happened at the board is that when Mr. Stiles presented his request for referral, the board initially ignored him. When the board requested reconsideration that his request for referral be addressed, the board said, under our jurisdiction, we don't have the ability to do that because we haven't rendered a final decision on the claims and appellate status. So it misinterpreted its jurisdiction in order to address his referral claim because it believed its jurisdiction only... Wasn't there another response by the board where they said to one of your motions for reconsideration that the RO would re-adjudicate the appeal in full? The appeal. These are not appeals. The appeal is the sinusitis and rhinitis claim. A claim cannot be appeal. The sleep apnea claim cannot be on appeal if it hasn't been adjudicated yet. So when it's saying we're going to... And it said that the additional evidence submitted with your motion will be forwarded to the RO for appropriate action. That's great. In the appeal decision. So when the board is talking about we cannot address your referral because the claims and appellate status have not been finally adjudicated and we're sending those back, there's no dispute. The claims in appellate status are going back to the regional office, but these aren't in appellate status. These two claims are outside of that. They fall under a different jurisdiction. So the board cannot address the merits of those. What is the current status of your claims based on sleep apnea? There's been no action taken on either of them. No action on either one. Correct. Which is why referral is so important. Right. So I guess I'm now just thinking again about what we said and I think actually sort of ruled in Batson, which is there's some confusion about exactly what 20.904 does or we said it doesn't matter because it's perfectly clear that there's, I mean, in that case, there's an alternative. There's long been a alternative remedy for at least, what, 20 years since 2006, the DiCarlo case or something in the Veterans Court. In Grumman-DiCarlo, yes, Your Honor. So on that note, I'm glad you asked. So I mean, what do you do when the RO is just not acting on it? And I thought we indicated there that the Veterans Court had long said, if it goes on long enough, mandamus. Well, here's where Batson is incorrect in its conclusion that it doesn't matter. So a closer look at Ingram-DiCarlo, the Veterans Court actually stated that if, or quote, if the veteran believes he has a pending claim for a benefit that has not received initial decision, the veteran can unambiguously inform the secretary that a particular benefit is being sought, end quote. Mr. Stiles did that here. This court over, almost 25 years ago now, has held that the board is an agent of the secretary, just as the ROs, and that the board acts on behalf of the secretary. So when Mr. Stiles informed the board, he is informing the secretary unambiguously that I have pending uneducated claims. He has complied with DiCarlo. He has complied with Ingram, and 20.904B requires the board to then refer those claims. So in your view, you just don't have any remedy at all other than what you ask us to do, which is to get the Veterans Court to acknowledge that it has jurisdiction to, in turn, tell the board that it has to recognize the existence of these claims, and once recognizing the existence, refer it. That that's the only remedy, and otherwise you just can't do anything about these claims sitting in front of the RO. Mr. Stiles has complied with all the requirements that he has. He has informed the VA, the secretary, of his pending claims. He's complied with Ingram and DiCarlo. I think you understand that you're trying not to answer the question. No, I'm about to get there. He's complied with everything he has to do, and the law requires referral. Under Garner-Dixon, so we're dealing with a remand by the by the board of claims and appellate status, and under Garner-Dixon, you can't file a writ pursuant to a remand, to circumvent a remand, so appeal was his only option. So he has complied with everything that has been required of the Veterans Court, of the regulation, and of Garner-Dixon. Okay, why don't we hear from the other side? Thank you. Good morning, your honors. May it please the court. The Veterans Court's jurisdiction is limited to decisions of the board. In this case, there is no decision of the board because Mr. Stiles's requests for benefits were neither granted nor denied. So was it referred? Is it part of the referral of the board to the RO? Are these claims, these things, sleep apnea and vertigo, are they back at the RO as part of the package the board sent back? Yes, they are back at the RO as part of the package the board sent with the remand. The board's remand decision does not contain any conclusion that it lacks jurisdiction over the arguments that there are pending unadjudicated claims. It just remands the entire appeal, which includes the entire record of proceedings, back to the RO. And if that decision in itself is not clear enough, then at appendix 171, as this court identified to my friend on the other side, the board states, the additional evidence submitted with your motion, which is the motion for reconsideration regarding the pending unadjudicated claims, will be forwarded to the AOJ for appropriate action. But you heard what your friend said of why that wasn't sufficient, because the RO would re-adjudicate the appeal in full, and this isn't about the appeal. I'm not recalling exactly what he said, but he had a response. I think that in this case, there's no practical difference between the referral and remand, because no matter what, the RO has to decide in the first instance what appropriate action to take, and that's even in 20.904, which again... What is the best thing in the record you could point us to so that we could also verify that it is before the RO with respect to sleep apnea and vertigo? Can you give us like a JA page or something? Yes, appendix 165 to 167 contains the board's remand order, which remands the entire case, and then at appendix 171, it's the board's ruling on the motion for reconsideration, which clarifies that the entire appeal is before the RO, and that the additional evidence submitted with the motion for reconsideration has been forwarded to the AOJ for appropriate action, which is consistent with 20.904, which merely requires the board to refer claims for appropriate consideration and handling in the first instance by the RO. So whether it's called a remand or called a referral, the RO is the appropriate place for these issues to be, and that's where it is, and Mr. Stiles may go directly to the RO if it continues to not make a decision to his satisfaction. So that is an avenue that Mr. Stiles has available. It doesn't have to necessarily get something from us that then leads to us telling the Veterans Court to do X, Y, Z, and then so on and so forth. Yes, as this court recognized in Batson and the government agrees, Mr. Stiles may go directly to the RO with these issues, and the Veterans Court at appendix 10 recognized the same, that he could go directly to the RO, and that it wouldn't impact his ability to get an earlier effective date if appropriate. Has the RO done anything with respect to anything that was referred or remanded back to them? I'm not aware of any decision from the RO on pending unadjudicated claims at this time. Is there any sort of timeline in terms of what the RO might do? Do we know anything about the timeline? I'm not aware of any timeline, but if it takes too long, Mr. Stiles may petition with a writ of mandamus if the RO continues to not make a decision that, to his satisfaction, if it continues to take too long. That's the appropriate course. Can I ask, so is it your view, and is it the Veterans Court view, that the Veterans Court does not have jurisdiction to hear, to enforce 20.904B, the referral provision, if the only thing the board has done is to decline to refer a claim that the veteran argues to the board is reasonably raised by the record? If that's the thing, that obligation of the board under the regulation is not enforceable by an appeal to the Veterans Court. So the situation in Batson? You remember Batson more freshly than I do. Well, this court, I believe, did address that type of situation in Batson in which the veteran argued to the board that he had pending claims and asked for referral of those claims to the RO. The board remanded a separate issue that the veteran had raised but did not address the pending claims issue at all. It didn't say it had no jurisdiction. It didn't say it had jurisdiction and was remanding it rather than referring it. It was just silence like in this case. And then on remand, the RO continued to fail to address the pending claims issue. The veteran then appealed back to the board. The board dismissed the appeal, and the Veterans Court agreed. And this court avoided the situation entirely, holding that there was no harm because the veteran in that case only sought a referral to the RO and could still go to the RO in the first instance. So the same. So your friend on the other side identified what at least sounds like a sometimes applicable, sometimes existing situation where it could make a difference, which is a situation in which there is a dispute about whether a particular claim has in fact been raised. Because in that situation, when the board says, I see this claim, I refer it, the RO can't say, there's no such claim. Do we have such a situation here? Or is it undisputed that there is and has been a sleep apnea claim and a vertigo claim so that the question of the existence of the claim is not disputed? I think that the existence of a pending unadjudication is a question of fact on which the board has not made a finding. So although I certainly understand that portions of the record indicate that Mr. Stiles has attempted to present these claims, I don't have a finding that I can point the court to that affirmatively makes that. I guess I want to distinguish a finding from a position of the secretary represented by you here because a lot of I think what we've been talking about, and Batson addresses this to some extent, is why does it matter whether the Veterans Court tells the board to do this thing? And I think Mr. Luck identified a situation in which it could matter. I don't quite remember if he said it matters here. And it wouldn't matter if undisputedly there was such a claim sitting in front of the RO, so that the only thing that a referral would establish, namely the existence of the claim, is undisputed. Are we in that situation? You're not quite sure how much to give away? In a situation where if Mr. So are we in a situation where Mr. Stiles could have the RO say, actually, no, we don't see any pending unadjudicated claims, and then he's in a difficult position because he's trying to have these claims adjudicated. I think, again, I don't think I'm authorized to concede the point, but I don't think that it matters in this case because even if I think the board's decision in its ruling on the motion for consideration makes clear that it's kind of acknowledging that there's an issue here and that the RO should address it. So effectively, that's a referral. But also, if the RO, let's say, says, actually, we disagree, no pending unadjudicated claims, that's a decision that Mr. Stiles could then appeal to the board, and then the board could say, no, that's incorrect. There are pending unadjudicated claims. You need to address these. So we're not in a situation where Mr. Stiles has no avenues for relief, even if the RO were to say there are no pending unadjudicated claims. Unless there are further questions, we respectfully request that the board. As a quick point to your question, Judge Toronto, the Secretary cites Appendix 165 through essentially 171, but neither of those documents discuss sleep apnea or vertigo. They don't even mention them, let alone refer them. And it does matter here because the board did not refer those claims. And when Mr. Stiles... There are documents that do discuss vertigo and sleep apnea in that page range. At least the motion for reconsideration does, right? When we're asking for it, but none from the VA. Well, I at least heard her say that in responding to it, there is this whole statement that I think she discussed with Judge Prost and the rest of us on Appendix Page 171, which then rules on that and at least the understanding is the whole thing would then have gone back and be in front of the RO, including those two claims that you want to be in front of the RO. Right. The board refers to that as evidence in support of the claims on appeal, which is consistent with the regional office's subsequent actions, not addressing sleep apnea and not addressing vertigo. So when it forward that evidence, that quote unquote evidence, which is our request for referral, it's not saying we're referring anything. It's not even acknowledging pending unadjudicated claims. It's just saying we cannot rule on this because our jurisdiction is limited to the claims that are in appellate status. Those claims have not been finally adjudicated. Do you disagree with the posting council in terms of your ability to directly go to the RO to raise concerns about needing to get these claims adjudicated? Well, the requirement is to go to the secretary and we've done that. He's been to the RO. He's went to the board. He's unambiguously requested these claims be adjudicated. And that was years ago now. And still nothing. So he has complied with all of his requirements to do that. At some point, you've made the request. It's the VA's obligation to act on it. And the VA is not acknowledging these unadjudicated claims. And he requested the board refer those claims for adjudication. And it is mandated to do so. But due to the erroneous interpretation of its jurisdiction, it didn't do so. We're out of time. Thank you, Your Honor. Thank both sides of the case.